### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

Linda Newton

          Plaintiff,

     v.

South Jersey Paper Products
Company, Inc.

          Defendant.

:
:
:
:
: 1:19-cv-17289-NLH-KMW
:
:
**: OPINION**
:
:
:
:
:
:
:
:

APPEARANCES:

ANTHONY D. BUONADONNA
BUONADONNA & BENSON, PC
1138 EAST CHESTNUT AVENUE
PO BOX 889
VINELAND, NJ 08360
     Attorney for Plaintiff.

HARRY MATTHEW TAYLOR
GORDON REES SCULLY MANSUKHANI LLP
THREE LOGAN SQUARE
1717 ARCH STREET
SUITE 610
PHILADELPHIA, PA 19103
     Attorney for Defendant.

**HILLMAN**, District Judge

     This matter comes before the Court on Defendant's motion to dismiss and Plaintiff's cross-motion to remand.  For the reasons set forth below, Defendant's motion to dismiss will be denied and Plaintiff's motion to remand will be granted.

## Background

Linda Newton was an employee of South Jersey Paper Products Company, Inc. ("SJPPC") from July 1975 to November 10, 2018. It was Newton's understanding that for many years she was enrolled in a long-term disability insurance program issued through Principal Life Insurance Company, which was administered through SJPPC. As part of her enrollment in this plan, SJPPC deducted $18.26 from Newton's paycheck each week.

Newton was deemed temporarily disabled as of November 10, 2018. Newton made an application for long term disability benefits but was advised by SJPPC that no disability policy was in effect and that the program had been terminated two years prior to her temporary disability. Newton claims that this was the first time she was informed that the policy had been terminated.

The State of New Jersey paid Newton temporary disability benefits from November 10, 2018 to May 27, 2019. Benefits were then deferred pending a decision on her permanent disability. Newton was determined to be permanently disabled by the Social Security Administration in May 2019. Newton contends that she would have been entitled to benefits from February 11, 2019 onward through the Principal long term disability policy issued to her.

2

Newton filed a four-count complaint against SJPPC in the Superior Court of New Jersey in Cumberland County on August 19, 2019.  Newton's complaint included the following counts: (1) conversion; (2) breach of contract; (3) fraud/deceit/fraudulent concealment; and (4) breach of fiduciary duty.

On August 28, 2019, SJPPC removed this action to the District of New Jersey, stating that this Court had original jurisdiction pursuant to 18 U.S.C. § 1331 because Newton's complaint arises, in whole or in part, under the Employee Retirement Income Security Act of 1974 (ERISA).

On September 3, 2019, SJPPC moved to dismiss Newton's complaint for failure to state a claim.  SJPPC alleged that Newton's state law claims were preempted by ERISA.  On September 27, 2019, Plaintiff moved to remand this case back to state court.  Both motions have been fully briefed and are ripe for adjudication.

## Discussion

A. Subject Matter Jurisdiction

According to Defendant, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action "arises, at least in part-in not whole [sic], under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 *et seq.*"

"[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it in doubt." Nesbit v. Gears Unlimited Inc., 347 F.3d 72, 76-77 (3d Cir. 2003). Ultimately, the Court finds that it lacks subject matter jurisdiction because this action does not arise under ERISA.

B. Standard for a Motion to Remand

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . ." 28 U.S.C. §1441(a). Once an action has been removed, a plaintiff may challenge such a removal by moving to remand the case back to State court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." Advanced Orthopedics & Sports Med. Inst. v. Blue Cross Blue Shield of New Jersey, 2018 WL 3630131, at *2 (D.N.J. July 31, 2018) (citing PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes "are to be strictly construed against removal and all

4

doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

   C. Analysis

   Plaintiff argues in her motion to remand that this Court lacks subject matter jurisdiction in this case because her claims are not covered by ERISA and therefore there is no federal question jurisdiction.  In contrast, Defendant argues that Plaintiff's complaint should be dismissed because her claims are preempted by ERISA.

   Though Defendant's motion to dismiss came earlier in time than Plaintiff's motion to remand, the Court is obligated to consider Plaintiff's motion to remand first.  See Chrustowski v. Cumberland Cnty. Guidance Ctr., 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006) ("Once a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first because, if granted, the case is remanded . . . to the court of initial jurisdiction"); see, e.g., Christ Hosp. v. Local 1102 Health & Ben. Fund, 2011 WL 5042062, at *2 (D.N.J. Oct. 24, 2011) (addressing plaintiff's motion to remand before ruling on defendant's motion to dismiss because the motion to remand affected the court's jurisdiction even though the defendant's motion to dismiss was filed first).

5

A. Motion to Remand

Newton argues that her claims are not preempted by ERISA and this Court lacks subject matter jurisdiction because this case concerns "the absence of an insurance policy" rather than the "administration or eligibility for benefits under the long term disability policy."

ERISA creates two forms of preemption against state law claims.  First, "ordinary preemption" exists under § 514(a) as a defense to a state law action.  Advanced Orthopedics & Sports Med. Inst., 2018 WL 3630131, at *3 (citing Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166, 171 (3d Cir. 1997)).  Second, "complete preemption" exists under § 502(a)(4), providing that certain claims that fall within this provision of ERISA must be removed to federal court.  This section "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  Sautter v. Comcast Cable Co., 2015 WL 2448949, at *2 (D.N.J. May 20, 2015) (citing New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey, 760 F.3d 297, 302 (3d Cir. 2014)).

Here, the parties agree that only complete preemption under § 502 is in question in this case.  For questions of complete preemption under ERISA, the Third Circuit uses a two-part test to determine if a case was properly removed.  "[A] case is removable if (1) the [plaintiff] could have brought its . . .

claim under § 502(a), and (2) no other legal duty supports the
[plaintiff's] claim." Pascack Valley Hosp. v. Local 464A UFCW
Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004).
This test is conjunctive, meaning that "a state law cause of
action is completely preempted only if both of its prongs are
satisfied." Id.  The Third Circuit has also acknowledged that
the Pascack test is a "heavy burden for defendants to carry."
Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006,
1010 (3d Cir. 1987).

"With respect to the first prong of the Pascack test . . .
the court considers '1(a) whether the plaintiff is the type of
party that can bring a claim pursuant to Section 502(a)(1)(B),
and 1(b) whether the actual claim that the plaintiff asserts can
be construed as a colorable claim for benefits pursuant to
Section 502(a)(1)(B).'" East Coast Advanced Plastic Surgery v.
Blue Cross Blue Shield of Texas, 2019 WL 3208694, at *2 (D.N.J.
June 11, 2019) (citing Progressive Spine & Orthopaedics, LLC v.
Anthem Blue Cross Blue Shield, 2017 WL 4011203, at *5 (D.N.J.
Sept. 11, 2017)).  For the second prong, "a legal duty is
independent if it is not based on an obligation under an ERISA
plan, or if it would exist whether or not an ERISA plan
existed." Id. (citing New Jersey Carpenters, 760 F.3d at 303).

The Court finds that SJPPC has not carried its heavy burden
under Pascack.  SJPPC attached a copy of the "Group Booklet-

7

Certificate for Members of South Jersey Paper Products, Inc.'s Group Long Term Disability Insurance" to its motion to dismiss. This copy is dated December 23, 2010.  The existence of this policy does not refute Newton's claim that SJPPC terminated its long term disability plans two years before she made a claim for benefits in November 2018.

Under Pascack, the Court will consider whether the plaintiff is the type of party that can bring a claim under § 502(a)(1)(B).  This section provides that a "participant or beneficiary" may bring a claim pursuant to ERISA.  29 U.S.C. § 1132(a)(1).  A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C. § 1002(7).  A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  Id. § 1002(8).

Here, SJPPC maintains that the long term disability plan is an employee benefit plan under ERISA, and that Newton is a participant under ERISA.  Newton contends that because there is no long term disability plan, she is not the type of party that

8

can bring a claim under ERISA.  The Court agrees with Newton
that SJPPC has not shown that she is the type of party who can
bring a claim under §502(a)(1)(B).  As Plaintiff makes clear,
she asserts her state law claims based on the absence of
benefits under a policy that would have been governed by ERISA
if such a policy had still been in effect, not a claim to seek
benefits under the policy.  That such a policy might become a
measure of her common law breach of contract action does convert
such a claim into one for benefits.  It is simply nonsensical
for Defendant to assert that Plaintiff seeks to enforce her
rights under a policy that does exist.

    2. Pasack Prong 2

        Having found that the criteria for Prong 1 are not present,
the Court need not consider whether the criteria for Prong 2
have been satisfied.  The Court finds that Newton's claims are
not removable and have not been preempted by ERISA.  The Court
therefore lacks removal jurisdiction over this case.  The Court
will grant Newton's motion to remand.

    B. Motion to Dismiss

        Having found that the Court lacks subject matter
jurisdiction over this case, the Court may not consider the
merits of Newton's claims.  The Court will deny SJPPC's motion
to dismiss.

## Conclusion

For the reasons listed above, Plaintiff's motion to remand will be granted and this matter remanded to the Superior Court of New Jersey.  Defendant's motion to dismiss will be denied as moot.  An appropriate order will be entered.


Date: April 28, 2020      __s/ Noel L. Hillman_____
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.