```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LINDA NEWTON, | No. 1:19-cv-17289 (NLH/KMW) |
| Plaintiff, | |
| v. | OPINION |
| SOUTH JERSEY PAPER PRODUCTS COMPANY, INC., | |
| Defendant. | |

**APPEARANCES**:

ANTHONY D. BUONADONNA
ALAN G. GIEBNER
BUONADONNA & BENSON, PC
1138 EAST CHESTNUT AVENUE
PO BOX 889
VINELAND, NJ 08360

   *Attorneys for Plaintiff Linda Newton.*

HARRY MATTHEW TAYLOR
ALEXANDER NEMIROFF
GORDON REES SCULLY MANSUKHANI LLP
THREE LOGAN SQUARE
1717 ARCH STREET
SUITE 610
PHILADELPHIA, PA 19103

   *Attorneys for Defendant South Jersey Paper Products Company, Inc.*

**HILLMAN, District Judge**

   Presently before the Court is a motion for attorneys' fees and costs filed by Plaintiff Linda Newton, seeking fees and costs incurred in litigating an earlier motion to remand.  In

this proceeding, Plaintiff had originally filed an action in New Jersey state court, alleging a series of state law claims against Defendant South Jersey Paper Products Company, Inc. Plaintiff's claims, at their core, centered on her allegation that Defendant, her employer at the time, had terminated her long term disability benefits plan without informing her, and had continued to deduct $18.26 from her paycheck each week despite terminating the plan.

On August 28, 2019, Defendant removed the action to the District of New Jersey, stating that this Court had jurisdiction pursuant to 18 U.S.C. § 1331 because Newton's complaint arose, in whole or in part, under the Employee Retirement Income Security Act of 1974 (ERISA).  (ECF No. 1).  Defendant then moved to dismiss Newton's complaint for failure to state a claim on September 3, 2019, arguing again the Plaintiff's state law claims were preempted by ERISA.  (ECF No. 5).  On September 27, 2019, Plaintiff moved to remand this case back to state court. (ECF No. 10).

This Court then entered an Opinion and Order on April 29, 2020, granting Plaintiff's motion to remand and denying Defendant's motion to dismiss as moot.  (ECF No. 18 and 19). The Court specifically found that Plaintiff "assert[ed] her state law claims based on the absence of benefits under a policy that would have been governed by ERISA if such a policy had

2

still been in effect, not a claim to seek benefits under the policy. That such a policy might become a measure of her common law breach of contract action does [not] convert such a claim into one for benefits." Id. at 9.

Following the Court's Order granting Plaintiff's motion for remand, she filed a separate motion for attorneys' fees on May 13, 2020. (ECF No. 22), which Defendant has opposed. (ECF No. 23).[1] For the reasons expressed below, Plaintiff's motion will be denied.

## Discussion

### A. The Court Has Jurisdiction Over Plaintiff's Motion.

The Court will first address the parties' dispute over what form of motion is currently pending, as well as its ability to rule on the motion. Defendant argues that Plaintiff previously requested she be granted attorneys' fees and costs in her motion to remand, and the fact that the Court did not grant them in its

---

[1] The Court notes that both parties have filed supplemental briefs and letters regarding the pending motion. (ECF No. 25-28). These filings all relate to the underlying state court action post-remand, and describe to the Court the separate preemption arguments and motion for attorneys' fees addressed by that court. However, the parties' supplemental filings make clear that those arguments relate to "ordinary preemption," a separate and distinct argument from the complete preemption claims made before this Court. (See ECF No. 18 at 6). Accordingly, while the Court recognizes that the state court rejected Defendant's preemption arguments and denied attorneys' fees there, the Court finds that these filings, and the state court proceedings they describe, do not impact its analysis of Plaintiff's motion.

3

Order granting her motion to remand serves as a denial; accordingly, Defendant argues that Plaintiff's present motion is actually a motion for reconsideration. However, as Plaintiff has noted, she did not in fact file a previous motion for fees nor request fees in her motion to remand: instead, Plaintiff's previous motion only requested that the Court "retain jurisdiction to allow the plaintiff to make application for an award of attorney fees and costs incurred in filing the present motion within 30 days of the entry of the Order of remand as provided by Local Rule 54.2."  (ECF No. 10-1).

Ordinarily, an order remanding a matter to state court will divest a district court of jurisdiction to entertain further issues related to the proceeding. However, the Third Circuit has held that "fee awards under [28 U.S.C. § 1447(c)] are collateral issues over which federal courts retain jurisdiction after remand." Siebert v. Norwest Bank Minn., 166 F. App'x 603, 606 (3d Cir. 2006) (citing Mints v. Educ. Testing Serv., 99 F.3d 1253, 1258 (3d Cir. 1996)). Accordingly, while the Court did not explicitly state that it was retaining jurisdiction for the purposes of a motion for attorneys' fees, the Court has jurisdiction to hear and rule on the present motion.

### B. Analysis

28 U.S.C. § 1447(c) provides that a court ordering remand for lack of subject matter jurisdiction "may require payment of

4

just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiff here argues that Defendant did not have any reasonable basis to assert that ERISA preemption applied to her claims or that this Court had subject matter jurisdiction over them. However, while the Court notes that it is still clear that Plaintiff's claims did not arise under an ERISA benefits plan and therefore complete preemption did not apply, the Court finds that Defendant's arguments for removal were not so "objectively unreasonable" as to warrant granting Plaintiff's motion for attorneys' fees and costs.

ERISA preemption is a complex area of law that can be difficult to parse. As the Third Circuit itself has noted, "[i]t is no secret to judges and lawyers that the courts have struggled with the scope of ERISA preemption." See Kollman v. Hewitt Assocs., LLC, 487 F.3d 139, 147 (3d Cir. 2007). This Court has previously acknowledged this complexity in declining

5

to grant attorneys' fees in cases featuring remand based on failed ERISA preemption arguments. Aetna Health Inc. v. Health Goals Chiropractic Center, Inc., No. 10-5216-NLH-JS, 2011 WL 1343047, at *6 (D.N.J. Apr. 7, 2011) (declining to grant attorneys' fees because "Defendants based their removal of Plaintiffs' Complaint on ERISA preemption, a complex area of the law"). Other courts in this district have repeatedly reached similar conclusions. See, e.g., Advanced Orthopedics and Sports Medicine Institute v. Blue Cross Blue Shield of New Jersey, No. 3:17-cv-11807-BRM-LHG, 2018 WL 3630131, at * (D.N.J. July 31, 2018) (denying fees request related to ERISA preemption argument because "[i]n light of the complexity of this area of law, the Court cannot find [] Defendants lacked a good faith basis for its arguments"); Small v. Anthem Blue Cross Blue Shield, No. 18-399 (JMV)(CLW), 2019 WL 2061258, at *4 (D.N.J. Jan. 30, 2019) (declining to award fees "given the complexities of preemption doctrines, particularly in the ERISA context"), report and recommendation adopted by 2019 WL 1220322 (D.N.J. March 15, 2019); Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield, No. 17-536 (KM)(MAH), 2017 WL 4011203, at *10 (D.N.J. Sept. 11, 2017) (declining to award fees even though a prior decision was "instructive on the point" in question, when "removal of this action was based on ERISA preemption, a complex area of law").

6

The Court acknowledges that it referred to Defendant's argument as "nonsensical" in its April 29, 2020 Opinion accompanying its order granting the motion to remand, and that this case presents a close call regarding objective reasonability.  As the Court explained in its earlier Opinion, Plaintiffs' claims are clearly based on the lack of a benefits plan, rather than seeking benefits under an existing one.  However, one of Defendant's core arguments was that the fact that a court may need to refer to the previously existing plan in assessing those claims and determining damages was sufficient to establish complete preemption.

As Plaintiffs noted in their briefing, multiple other Circuits have found that "the mere fact that the plaintiffs' damages may be affected by a calculation of pension benefits is not sufficient to warrant preemption."  Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1406-07 (11th Cir. 1994).  See also Funkhouser v. Wells Fargo Bank, N.A., 289 F.3d 1137, 1143 (9th Cir. 2003); Wright v. Gen. Motors Corp., 262 F.3d 610, 615 (6th Cir. 2001); Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc., 944 F.2d 752, 755 (10th Cir. 1991); Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 120-21 (4th Cir. 1989).  However, as another judge of this court has previously noted, the Third Circuit's earlier opinion in 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968

F.2d 401 (3d Cir. 1992) contained "language to the effect that ERISA preempts every single action that requires a court to make reference to an ERISA plan for benefits-calculating purposes." Weisenberger v. BT Americas, Inc., No. 09-4828, 2010 WL 1133473, at *4 (D.N.J. March 22, 2010) (citing Nobers, 968 F.2d at 404-06).

The district court in Weisenberger found that this language from Nobers language "cannot be taken at face value," and relied on several of the cases cited above from other circuits in noting that "it is well accepted by now that mere reference to an ERISA plan for damages-calculating purposes does not trigger preemption." Id. Although the Court agrees with this finding, it also recognizes that Plaintiff's briefing cited to no Third Circuit case law reaching this direct conclusion, and it does not appear that any such precedential holding existed in this Circuit at the time that Defendant removed this case to federal court. While the Third Circuit's recent opinion in Plastic Surgery Center, P.A. v. Aetna Life Insurance Company, 967 F.3d 218 (3d Cir. 2020) appears to undermine Defendant's argument even further, see id. at 234, 234 n.20, that opinion has no impact on the question of whether Defendant's argument was objectively unreasonable at the time it was made.

The closest case that Plaintiff refers the Court to is Mints v. Educational Testing Service, 99 F.3d 1253 (3d Cir.

8

1996), in which the Third Circuit found that a district court had not abused its discretion in granting attorneys' fees accrued by the plaintiff in litigating a motion for remand based on ERISA preemption arguments in an employment termination action.  Id. at 1261.  There, the Third Circuit noted that "in many employment termination cases in which a plaintiff claims that the employer terminated him or her for discriminatory reasons, the employee will have lost ERISA benefits so that the employee's reinstatement will restore the benefits or a damages award may compensate the employee for their loss."  Id. However, while the Court found that the plaintiff's employment termination claims were "not even close" to being in the category of claims preempted under ERISA, the Court also stated that "this case is not the vehicle in which to set forth in detail when state causes of action will be deemed completely preempted by ERISA so that regardless of how the plaintiff pleads them they are of federal character and thus arise under federal law."  Id.  And, importantly, the Third Circuit's decision in Mints pre-dated the Supreme Court's outlining of the "objectively unreasonable" standing that applies to requests for attorneys' fees and costs for remand disputes in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).

While Defendant's arguments for complete preemption in support of their removal of this action stray close to being

9

objectively unreasonable, the Court finds that given the lack of a direct holding on this point by the Third Circuit and the more expansive language of some other cases in this Circuit, "[i]t is plausible that [Defendant's] position was asserted in the belief that it had current legal support, or as part of a good faith argument for an extension of existing law."  Progressive Spine & Orthopaedics, 2017 WL 4011203 at *10.  "This Court has broad discretion in deciding whether to award fees."  Isko v. Engelhard Corp., 367 F. Supp. 2d 702, 711 (D.N.J. 2005) (citing Mints, 99 F.3d at 1260).  Given the unique complexity of ERISA preemption issues and the resulting reluctance of courts in this district to impose attorneys' fees on defendants who have made failed preemption arguments, the Court will exercise its discretion and not impose attorneys' fees and costs on Defendant.  Accordingly, Plaintiff's motion will be denied.

## Conclusion

For the reasons explained above, Plaintiff's motion for attorneys' fees and costs (ECF No. 22) will be denied.

An appropriate Order will be entered.


Date: December 17, 2020              /s Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

10